Before STATE INDUSTRIAL BOARD, Respondent.
ANNA VILIM, Respondent, *v.* MAX SCHWARTZ and Another, Appellants.

Third Department, June 27, 1924.

**Workmen's compensation — award — declarations of deceased employee not corroborated as to cause of injury will not support award — report of accident by foreman not admission by employer where foreman had no authority to make report.**

An award of death benefits cannot be sustained where the only evidence as to the cause of death is declarations made by the deceased employee.

Such declarations are not corroborated by a report of the injury made by a foreman of the employer, where it appears that the foreman had no authority to make a report. The report of the foreman does not constitute an admission against the employer.

APPEAL by the defendants, Max Schwartz and another, from an award of the State Industrial Board, made on the 10th day of September, 1923.

*Lyon & Smith* [*Edward P. Lyon* of counsel], for the appellants.

*Carl Sherman, Attorney-General* [*E. C. Aiken, Deputy Attorney-General,* of counsel], for the respondents.

H. T. KELLOGG, J.:

The State Industrial Board has found that Anton Vilim, while in the course of his employment, accidentally scraped his leg against an ash can; that he received a deep scratch which permitted poisonous bacteria to enter the wound; that he died as a result thereof. It has made an award based upon these findings. The findings were supported by the hearsay declarations made by Anton Vilim before his death. There was, however, no legal evidence corroborating the declarations. Two reports, each entitled " Employer's first report of injury," appear to have been filed. One report, dated May 21, 1923, was made by a bookkeeper of the employer, who testified that it was his duty to make out accident reports. This report contained the following: " Describe fully how injury occurred: Stepped on a nail." The accidental injury thus described was not the injury described in the findings. The other report, which was undated, was subscribed as follows: " Firm name: Max Schwarz. Signed: Sol C. Pollak. Official Title: Foreman." It described the injury received by Vilim as follows: " He scratched his leg by an ash can." Had the report been authorized it would have constituted an admission sufficiently corroborating the declarations. The bookkeeper testified that he did not know that Pollock had authority to make a report. Pollock himself swore that he had never before made out an accident report for the State Industrial Board; that he signed the report on the request of a representative either of the " Industrial Commission " or the " Compensation Insurance." There was no proof given by him or any other person indicating that he was authorized by his employer to make the report. Under the circumstances the statement made therein cannot be regarded as an admission against interest made by the employer. Consequently the declarations were uncorroborated, and the award cannot stand.

The award should be reversed and the claim remitted to the State Industrial Board, with costs to the appellants to abide the event.

All concur.

Award reversed and claim remitted to the State Industrial Board, with costs to the appellants against said Board to abide the event.